LEE, P.J.,
concurring in part and in result:
¶ 28. While I agree with the majority’s affirmance of Paul Graves’s conviction, I do not find that the trial court erred in excluding evidence of A.C. Graves’s prior incarceration. The majority concludes that it was error for the trial court to exclude evidence of A.C.’s prior incarceration, but the error was harmless because the jury heard evidence of Graves’s theory of defense. The majority states that Graves sought to admit evidence to show that A.C. was angry with him for failing to deposit money into A.C.’s prison account. The majority contends that Graves preserved this argument for appeal. I disagree. Although Graves’s attorney anticipated that defense witnesses might mention why the brothers had been arguing, Graves’s appellate brief fails to mention this particular argument on appeal. Furthermore, this particular argument was not raised in Graves’s post-trial motions.
¶ 29. Regardless of whether his objection was preserved, Graves did not raise this argument on appeal. Rather, Graves states a different reason for allowing the jury to hear of AC.’s incarceration, namely that their mother, Minnie Graves, did not keep a gun in the house because A.C. was a convicted felon. Graves also raised this argument for the first time during his motion for a new trial. The majority does not discuss this particular argument, only focusing on the purported argument over money. Again, this argument was not raised in Graves’s appellate brief. It is not the habit of this Court to go beyond what is argued on appeal in search of error. Graves, having objected at trial, cannot present different grounds for the objection on appeal. Duplantis v. State, 708 So.2d 1327, 1346-47 (¶ 96) (Miss.1998).
¶ 30. For the foregoing reasons, I respectfully concur in part and in the result.
ICING, C.J., MYERS, P.J., AND ROBERTS, J., JOIN THIS OPINION.